## PIERRE OBOUCHON vs. JOHN BOON.

It is error in the court to instruct the jury that there is no evidence to prove a fact to be found by the jury, if there be any evidence conducing to establish such fact.

### APPEAL from St. Louis Circuit Court.

G. W. Goode, *for Appellant.*

Leslie, *for Appellee:*

The instruction of the court was correct, for the evidence given on the trial on the part of the plaintiff neither showed the possession of the horse at the time the writ of replevin was executed, in the defendant, nor within one year next previous, the latter of which is necessary under our

statute.  See R. S. page 921, sec. 3; and the former under well settled principles of the common law.  Saunders on Plead. and Ev., 766; Camp., 476.

The testimony of a witness that he saw at one time the horse in question tied in defendant's orchard, but did not know who did it, and had no knowledge that defendant participated in the act, or even knew the fact, is not evidence tending to prove the act of possession, within the requirements of the statute, or the law upon general principles.  The instruction of the court below was therefore correct, the judgment legal, and should by affirmed by this Court.

The execution of the writ of replevin, by taking the horse in a public or common range, strengthens the position of the defendant, that plaintiff had no evidence showing possession in defendant at any time within one year preceding, or at any time whatever.


Scott, J., *delivered the opinion of the Court.*

Obouchon sued Boon in replevin for a horse; plea, not guilty.  On the trial, the plaintiff took a non-suit, and after an unsuccessful motion to set it aside, brought his cause to this Court.

Besides other evidence conducing to show that the horse in dispute was the property of the plaintiff, a witness testified that he was present when the sheriff came to serve the writ of replevin on the defendant; that the defendant claimed the horse, and told the sheriff he would find him in the range.  Another witness testified that he knew that the defendant claimed the horse, and that about three weeks before the institution of this suit, he saw the horse tied in the defendant's orchard.  After other evidence, the plaintiff closed his case, and the defendant moved the court to give the following instruction, which was done, to which the plaintiff excepted, to-wit:  That there is no evidence on the part of the plaintiff that the property in question was ever in the possession of the defendant, Boon, within one year before the commencement of this action, and no evidence of the wrongful taking or detention of the said property by the defendant, and that they must find for the defendant.

Whether the evidence was sufficient to establish the fact that the defendant was ever in possession of the horse, or wrongfully took or detained him, was a question exclusively for the jury.  It is clear the tendency of the evidence was to prove these facts, and whether it did or not was a matter with which the court had nothing to do.  The instruction was manifestly erroneous, and the other Judges concurring, the judgment will be reversed and the cause remanded.